**UNITED STATE DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

| | |
|---|---|
| **TRACY SMACK,** | ) |
| | ) |
| **Plaintiff,** | ) **CASE NO:** |
| | ) |
| **v.** | ) |
| | ) |
| **ESURANCE INSURANCE SERVICES, INC.,** | ) |
| | ) |
| **Defendant.** | ) |

## DEFENDANT'S NOTICE OF REMOVAL

Defendant ESURANCE INSURANCE SERVICES, INC. ("Esurance" or "Defendant"), by and through its undersigned attorneys and pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, respectfully files this Notice of Removal giving notice of the removal of this action from the Circuit Court of the Thirteenth Judicial Circuit in and for Hillsborough County, Florida, to the United States District Court for the Middle District of Florida, Tampa Division. In support of this Notice of Removal, Defendant states as follows:

**I.   PROCEDURAL HISTORY**

1. On or about April 1, 2019, Plaintiff Tracy Smack ("Plaintiff"), filed a Complaint in the Circuit Court of the Thirteenth Judicial Circuit in and for Hillsborough County, Florida, entitled *Tracy Smack v. Esurance Insurance Services,* designated Case No. 19-CA-3391 (the "State Court Action"), wherein she alleges discrimination in employment based on her race/color, and unlawful retaliation, in violation of the Florida Civil Rights Act ("FCRA").

2. On April 5, 2019, Plaintiff served Esurance with a Summons and Complaint through its registered agent. A copy of the Summons and Complaint reflecting service, as well as true and legible copies of all other papers on file in the State Court Action, are attached hereto as **Exhibit "A."** Thus, this Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b), within thirty-days (30) from the date on which the Summons and Complaint were served. The judge presiding over the State Court Action has not entered any orders, and there are no pending motions.

3. The District and Division embracing the place where the State Court Action is pending is the United States District Court for the Middle District of Florida, Tampa Division. *See* 28 U.S.C. §§ 89(b), 1441(a).

4. This case is a civil action that may be removed to this Court pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, because it is an action between citizens of different states and the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

## II. DIVERSITY OF CITIZENSHIP

5. To qualify for diversity jurisdiction, there must be complete diversity between the parties, which means no plaintiff may be a citizen of the same state as the defendant. *See Pease v. Medtronic, Inc.*, 6 F. Supp. 2d 1354, 1356 (S.D. Fla. 1998) (citations omitted).

6. Citizenship of a natural person is established by domicile. *See* 28 U.S.C. § 1332(a)(1) (an individual is a citizen of the state in which he or she is domiciled). A person's domicile is established by physical presence and intent to remain indefinitely. *See McCormick v. Aderholt*, 293 F.3d 1254, 1257-58 (11th Cir. 2002). In the Complaint,

Plaintiff states she resides in Florida. (Compl. ¶ 2.) Thus, Plaintiff is also a citizen of the State of Florida for purposes of 28 U.S.C. § 1332.

7. Pursuant to 28 U.S.C. § 1332(c)(1), "a corporation shall be deemed to be a citizen of every State . . . by which it has been incorporated and of the State . . . where it has its principal place of business . . . ." 28 U.S.C. § 1332(c)(1) (emphasis added). To determine a corporation's "principal place of business," the Supreme Court has held courts should apply the "nerve center" test. *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010). Under that test, a corporation's principal place of business is the state in which the corporation's officers direct, control, and coordinate the corporation's activities. *Id*. A corporation's principal place of business normally is the state in which it maintains its main headquarters. *Id*.

8. Defendant Esurance is a Delaware Corporation with its principal place of business in San Francisco, California. Thus, for diversity purposes, Defendant is a citizen of Delaware and California.

9. Accordingly, for the purposes of 28 U.S.C. § 1332(a)(1), diversity jurisdiction exists between Plaintiff (a citizen of Florida) and Esurance (a citizen of Delaware and California) at the time of filing this Notice of Removal.

### III. AMOUNT IN CONTROVERSY

10. Pursuant to 28 U.S.C. § 1332(a), diversity jurisdiction also requires the amount in controversy to "exceed the sum or value of $75,000, exclusive of interest and costs."

11. Plaintiff's Complaint alleges damages exceeding $15,000.00. (*See* Compl. ¶ 4.) Where, as here, the initial pleading does not demand a specific sum, the notice of

removal may assert the amount in controversy. 28 U.S.C. § 1446(c)(2)(A). The Supreme Court has held that a removing defendant "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold," and need not submit evidence in support thereof. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014).

12. In assessing the amount in controversy, the Court considers the value of the plaintiff's claims by estimating the amounts that "will be put at issue during the litigation," regardless of the plaintiff's likelihood of success. *S. Florida Wellness, Inc. v. Allstate Ins. Co.*, 745 F.3d 1312, 1315 (11th Cir. 2014); *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 751 (11th Cir. 2010); *Jackson v. Am. Bankers Ins. Co.*, 976 F. Supp. 1450, 1454 (S.D. Ala. 1997), citing *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1096 (11th Cir. 1994) (finding the "appropriate measure is the litigation value of the case assuming that the allegations of the complaint are true and assuming a jury returns a verdict for the plaintiff on all claims made in the complaint").

13. A plain reading of Plaintiff's Complaint – together with the jurisdictional allegations herein – demonstrates that the amount in controversy exceeds the sum of $75,000.00, and thus, meets the jurisdictional amount required for removal based on diversity. *See* 28 U.S.C. § 1332(a). In summary, Plaintiff alleges that she was the victim of workplace discrimination based on her race/color, and that Esurance subjected her to unlawful retaliation based on alleged complaints she made to Esurance. Plaintiff is seeking to recover "compensatory damages including back pay, front pay… and damages for emotional distress, pain and suffering and mental anguish, punitive damages, pre and post

judgment interest, attorneys' fees" and costs. (*See* Compl. ¶¶ Wherefore Clause) Compensatory damages, lost wages, punitive damages, and attorneys' fees are all recoverable pursuant to the FCRA.

      14.    As to lost wages, back pay should be calculated from the time of the alleged adverse employment action through the date of trial. *See e.g., Pope v. 20/20 Commc'ns, Inc.*, No. 8:15-cv-1774-30JSS, 2015 WL 5165223, at *2 (M.D. Fla. Sept. 2, 2015) (back-pay damages calculated through proposed date of trial); *Hendry v. Tampa Ship, LLC*, No. 8:10-cv-1849-T-30-30TGW, 2011 WL 398042, *2 (M.D. Fla. Feb. 4, 2011) ("Back pay is generally calculated from the date of the adverse employment action to the date of judgment."); *Morgan v. Sears, Roebuck & Co.*, No. 12-60055-CIV, 2012 WL 2523692, at *2 (S.D. Fla. June 29, 2012) (calculating back pack from time of termination through expected trial date, noting that the court may use its "judicial experience and common sense" in making that determination); *see Penalver v. N. Elec., Inc.*, No. 12-80188-CIV, 2012 WL 1317621, at *2 (S.D. Fla. Apr. 17, 2012) (calculating back pay through the "first possible trial date" approximately ten months after removal); *Messina v. Chanel, Inc.*, No. 10-24518-CIV, 2011 WL 2610521, at *2 (S.D. Fla. July 1, 2011) (including back pay through estimated time of trial eighteen months in the future). Indeed, the Eleventh Circuit has approved calculating back pay through the estimated time of trial for purposes of the amount in controversy. *See Wineberger v. Racetrac Petroleum, Inc.*, No. 5:14-cv-653-Oc-30PRL, 2015 WL 225760, at *3 (M.D. Fla. Jan. 16, 2015) (calculating back pay from termination through estimated trial date of twenty-four months after complaint was filed, along with front

pay of one year), *aff'd by Wineberger v. RaceTrac Petroleum, Inc.*, 672 F. Appx. 914, 917 (11th Cir. 2016) (approving same).

15. At the time of her termination of employment, Plaintiff was earning approximately $80,000 annually. Plaintiff last worked on or about May 9, 2018. (*See* Compl. ¶ 17). Accordingly, Plaintiff's back pay to date is approximately $80,000, not including the additional value of the benefits she seeks. Adding an additional year of back pay to account for the expected time between now and trial, Plaintiff would seek to recover approximately double that amount, *i.e.*, $160,000 in total back pay. In addition, a conservative estimate of front pay would be equal to one year of pay, increasing Plaintiff's claim for lost pay to $240,000, not including the added value of the benefits she seeks to recover. *See Brown v. Cunningham Lindsey U.S., Inc.*, No. 305CV141J32HTS, 2005 WL 1126670, at *4 (M.D. Fla. May 11, 2005) (crediting back pay from the time of plaintiff's termination through the estimated time of trial, and crediting one year of front pay as a conservative measure of potential future lost wages).

16. Plaintiff's alleged lost wages alone satisfy the amount in controversy. However, they are only one of several types of damages she seeks to recover, and her other damages are each alone enough to satisfy the jurisdictional threshold. Specifically, Plaintiff seeks to recover for alleged "emotional distress, pain and suffering and mental anguish[.]" Courts find that where litigants seek compensatory damages in the form of pain and suffering, such as Plaintiff seeks here, the damages are sufficient to establish the jurisdictional amount for a diversity action. *See Estevez-Gonzalez v. Kraft, Inc.*, 606 F. Supp. 127, 129 (S.D. Fla. 1985) (including unspecified amount of compensatory damages for "physical and mental pain,

physical handicap, impairment of working ability, injuries permanent or continuing in nature, and medical expenses"); *Harmony Homes, Inc. v. United States*, 890 F. Supp. 1032, 1034 (M.D. Fla. 1995) (noting inclusion of "pain and suffering" in calculation of amount in controversy); *Bartley v. Starwood Hotel & Resorts Worldwide, Inc.*, No. 07-80637-CIV, 2007 WL 2774250, at *1 (S.D. Fla. Sept. 24, 2007) (finding that complaint "clearly established" amount in controversy based, in part, on general allegations of pain, mental anguish, scarring, disfigurement, loss of enjoyment of life, medical expenses, etc.). Indeed, the Eleventh Circuit has held that objective medical testimony is not even necessary to support an award of emotional distress damages, and plaintiff's lay testimony concerning the emotional impact of the defendant's alleged wrongful conduct was itself sufficient to support such award. *See Munoz v. Oceanside Resorts, Inc.*, 223 F.3d 1340, 1348-49 (11th Cir. 2000) (affirming jury award of $150,000 for emotional distress caused by illegal termination); *see also Arrango vs. Mazda*, 1000 WL 176852 (jury verdict of $4,410,700 to Plaintiff in a case in which plaintiff's psychological experts testified the plaintiff sustained emotional injuries, including post-traumatic stress syndrome as a result of a hostile work environment). In the Complaint, Plaintiff seeks compensatory damages for each of her claims. Accordingly, Plaintiff's claims for compensatory damages alone satisfy the jurisdictional requirement.

17. Additionally, the punitive damages requested by Plaintiff must be considered, under governing Eleventh Circuit decisional law, when determining whether the amount in controversy is met. *See Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1064 (11th Cir. 2010); *McDaniel v. Fifth Third Bank,* 568 Fed. App'x 729, 731 (11th Cir. June 5, 2014). Thus, Plaintiff's request for punitive damages—assuming, as the standard requires, that she will

7

prove the allegations in her Complaint—also satisfies the amount in controversy requirement. *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 751 (11th Cir. 2010).

18. Adding Plaintiff's claim for attorneys' fees to the amount in controversy calculation, there is no question the amount in controversy significantly exceeds $75,000.00. *See Penalver v. Northern Elec.*, No. 12–80188–C, 2012 WL 1317621 at *3 (including reasonable attorney's fees in amount of controversy calculation).

19. Because the amount in controversy exceeds $75,000.00, exclusive of interest and costs, and the action is between citizens of different states, the District Court has original jurisdiction over Plaintiff's claims under 28 U.S.C. § 1332(a). Thus, this case may be removed to this Court by Defendant pursuant to 28 U.S.C. §§ 1441 and 1446.

## IV. NOTICE AND TIMELINESS

20. Finally, Defendant provided this Notice of Removal to Plaintiff and promptly filed it with the Clerk of the Circuit Court of the Thirteenth Judicial Circuit in and for Hillsborough County. A copy of the Notice of Filing Notice of Removal is attached hereto as **Exhibit "B."**

21. The required filing fee of $400.00 and an executed civil cover sheet accompany this Notice.

WHEREFORE, Esurance Insurance Services, Inc. respectfully removes this action, pending in the Thirteenth Judicial Circuit Court of Hillsborough County, Florida to the United States District Court in the Middle District Court of Florida, Tampa Division.

Dated this 6th day of May, 2019.

        Respectfully submitted,

        LITTLER MENDELSON, P.C.
        111 North Magnolia Avenue
        Suite 1250
        Orlando, Florida 32801
        Telephone: (407) 393-2900
        Facsimile: (407) 393-2929

By: */s/Jeffrey B. Jones*
        Jeffrey B. Jones, Esquire
        Florida Bar No.: 039950
        Email: jbjones@littler.com

        Attorneys for Defendant

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 6th day of May, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send a copy via email to the following: Darren D. McClain, Esquire, Nelson, Bisconti & McClain, LLC, 1005 North Marion Street, Tampa, Florida 33602, email: dmcclain@tampaemploymentlawyer.com, dmcclain@nbmlawyers.com.

*/s/Jeffrey B. Jones*
Jeffrey B. Jones, Esquire

FIRMWIDE:163920052.1 999999.6576